# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**KENDRICK KENYATTA TAYLOR**                                                **PLAINTIFF**

**V.**                                                                                   **NO. 4:14-CV-00041-DMB-JMV**

**UNITED STATES OF AMERICA**
**THROUGH THE UNITED STATES DRUG**
**ENFORCEMENT ADMINISTRATION**                                        **DEFENDANT**

## OPINION AND ORDER DENYING SUMMARY JUDGMENT

This action to set aside two administrative forfeitures is brought by Plaintiff Kendrick Kenyatta Taylor against the United States of America through the United States Drug Enforcement Administration ("Government"). Doc. #1. Plaintiff alleges that the Government conducted two administrative forfeiture proceedings against his property without providing him constitutionally required notice. *Id*. Before the Court is the Government's motion for summary judgment. Doc. #6.

## I
## Summary Judgment Standard

"Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship,* 520 F.3d 409, 411 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 22–23 (1986)). To award summary judgment, "[a] court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Norwegian Bulk Transp. A/S,* 520 F.3d at 411–12 (internal quotation marks

omitted). To this end, "[t]he moving party bears the burden of establishing that there are no genuine issues of material fact." *Id.* at 412.

"If … the nonmoving party bears the burden of proof at trial, the moving party may demonstrate that it is entitled to summary judgment by submitting affidavits or other similar evidence negating the nonmoving party's claim, or by pointing out to the district court the absence of evidence necessary to support the nonmoving party's case." *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998) (citation omitted). If the moving party makes the necessary demonstration, "the burden shifts to the nonmoving party to show that summary judgment is inappropriate." *Id.* In making this showing, "the nonmoving party must go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Cotroneo v. Shaw Env't & Infrastructure, Inc.,* 639 F.3d 186, 191–92 (5th Cir. 2011) (citation and internal punctuation omitted). When considering a motion for summary judgment, the Court "resolve[s] factual controversies in favor of the nonmoving party." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

## II
## Relevant Facts

### A. Seizures

On July 2, 2010, law enforcement officers from the Mississippi Bureau of Narcotics ("MBN"), seized $182,176.93 in cash ("Cash") from the attic of Plaintiff's residence, which is located at 404 Minnie Ervin Drive, Rosedale, Mississippi. Doc. #1 at ¶ 4; Doc. #6-1 at ¶ 5(a). The same day, the MBN seized from Plaintiff: (1) two cellular phones; (2) a CD player; (3) a Dell computer; (4) a Sanyo television; (5) a 2003 Chevrolet Suburban; and (6) a 1996 Lincoln Mark VIII. Doc. #8-1 at 1, 3. Four days later, on July 6, 2010, officers from the MBN seized

$13,376.79 ("Funds") from Plaintiff's Jefferson Bank checking account, number #xxxx37. Doc. #6-1 at ¶ 4(a); Doc. #1 at ¶ 4.

On July 12, 2010, the Mississippi Department of Public Safety issued Plaintiff a Notice of Seizure detailing the amount and location of the two monetary seizures. Doc. #8-1 at 3. The Notice, which appears to bear Plaintiff's signature, states, "It is anticipated that forfeiture proceedings will be filed against this property." *Id*.

### B. State Forfeiture Action

On July 19, 2010, in the County Court of Bolivar County, the State of Mississippi filed a Complaint for Forfeiture ("State Action") against: (1) the Suburban; (2) the Mark VIII; (3) the CD player; (4) the Dell computer; (5) the Sanyo television; and (6) the two cellular phones. Doc. #8-2.

On July 23, 2010, on motion of the State of Mississippi, the presiding judge in *In the Matter of the Search of 404 Minnie Ervin Street, Rosedale, Bolivar County, MS*,[1] issued an order directing that jurisdiction over the Cash be "released from the authority and jurisdiction of this Court for immediate turnover to federal authorities." Doc. #8-6.

On July 30, 2010, Plaintiff filed in the State Action a Petition to Contest Forfeiture. Doc. #8-3. Plaintiff's petition challenged the forfeiture of the listed property, plus the forfeiture of the Cash and Funds seized by the MBN. *Id*. The petition was signed by Plaintiff, and Boyd P. Atkinson, who was designated as "Of Counsel." *Id*.

On August 17, 2010, the State of Mississippi responded to Plaintiff's petition. Doc. #8-4. In its response, the State represented that "[j]urisdiction of the $182,206.93 in United States Currency found in the Claimant's residence; and, $13,376.79 in United States Currency seized

---
[1] The order does not bear a docket number.

3

from the Claimant's bank account has been released by the Circuit Court of Bolivar County and said currency has been turned over to the federal authorities so that forfeiture may be pursued by the Drug Enforcement Administration." Doc. #8-4 at 1–2. The response was served on Atkinson at the address listed on Plaintiff's petition. *Id*. at 3; Doc. #8-3 at 3.

On August 25, 2010, the County Court continued the State Action "until such time as the criminal case that gave rise to this action is fully adjudicated." Doc. #8-5.

**C. Criminal Case**

On August 26, 2010, Plaintiff was named in a two-count indictment in the United States District Court for the Northern District of Mississippi. Doc. #8-7. *See also U.S. v. Taylor*, No. 2:10-cr-132 (N.D. Miss. Aug. 26, 2010) ("*Criminal Case*"), at Doc. #1.[2] On September 22, 2010, the Government filed a three- count superseding indictment. *Criminal Case*, at Doc. #3. Count One of the superseding indictment charged Plaintiff with intent to distribute Methylenedioxymethamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *Criminal Case*, at Doc. #3. Count Two sought forfeiture, pursuant to 21 U.S.C. § 853 of "any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to [a] sum of money equal to One Hundred Eighty-Two Thousand, Two Hundred Six Dollars and Ninety-Three Cents …." *Id*. The indictment did not reference the Funds. Count Three alleged that Plaintiff "did knowingly and intentionally possess with intent to distribute a mixture and

---

[2] *See Matter of Missionary Baptist Found. of America, Inc.*, 712 F.2d 206, 211 (5th Cir. 1983) ("A court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom.").

substance containing a detectable amount of marijuana … in violation of Title 21, United States Code, Section 841 (a)(1), (b)(1)(D)." *Id*.

During the pendency of the criminal proceedings, the Government sought two writs of habeas corpus ad prosequendum – one on October 5, 2010, and one on December 3, 2010. *Criminal Case*, at Doc. #5, Doc. #21. In the October 5 motion, the Government represented that Plaintiff was confined at the Bolivar County Jail in Cleveland, Mississippi. *Id*. at Doc. #5. In the December 3 motion, the Government represented that Plaintiff was confined at the Bolivar County Regional Correctional Facility, in Cleveland, Mississippi. *Id*. at Doc. #21.

On July 18, 2011, Plaintiff pleaded guilty to Count One of the Superseding Indictment. *Id*. at Doc. #55. On January 13, 2012, the Court dismissed the original indictment and Count Three of the Superseding Indictment. *Id*. at Doc. #64. On February 2, 2012, the Court dismissed Count Two of the Superseding Indictment. *Id*. at Doc. #67. On February 17, 2012, Chief Judge Sharion Aycock entered a judgment sentencing Plaintiff to 51 months imprisonment. *Id*. at Doc. #68.

### D. Administrative Forfeiture Proceedings

#### 1. The Funds

On August 27, 2010, the Drug Enforcement Administration mailed a Notice of Seizure regarding "Asset Id: 10-DEA-535426" ("Funds Notice") to Plaintiff at the 404 Minnie Ervin Street address. Doc. #6-2 at 1. The Funds Notice described the asset as "Jefferson Bank Checking Account #xxxx37, VL: $13,376.89," and stated that the property was seized on August 2, 2010, from "Taylor, Kendrick Kenyatta." *Id*. Additionally, the document provided that "[p]ursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C. Sections 1602-1619, procedures to administratively forfeit this property are underway" and then provided detailed instructions for

contesting the forfeiture or for requesting remission or mitigation. *Id*. To this end, the Funds Notice set forth two deadlines: (1) a deadline of 30 days from receipt of the notice to file a petition for remission or mitigation with the Forfeiture Counsel of the DEA; and (2) an October 1, 2010, deadline for filing a claim to contest the forfeiture. *Id*. The Funds Notice warned that "failure to [contest] will result in the termination of your interest in the asset …." *Id*.

Copies of the Funds Notice were mailed to: (1) Kendrick Kenyatta Taylor, c/o Club Knotsy's,[3] 703 Railroad Street, Rosedale, MS 38725, Doc. #6-2 at 3; (2) Kendrick Kenyatta Taylor, Prisoner ID No. 14878, Bolivar County Detention Center, 2792 Highway 8, Rosedale, MS 38725, Doc. #6-2 at 5; and (3) Jefferson Bank, ATTN: Brenda Johnson, 600 Main Street, Rosedale, MS 38725, Doc. #6-2 at 7. Notice of the seizure of the Funds and information for contesting the impending forfeiture was published in the *Wall Street Journal* on September 13, 20, and 27, 2010. Doc. #6-1 at ¶ 4(f).

On August 30, 2010, Jacqueline Taylor, Plaintiff's wife, signed for the delivery of each of the three notices sent to Plaintiff. Doc. #6-2 at 2, 4, 6; Doc. #1 at ¶ 10. On September 1, 2010, "Tom Fair" signed for the notice sent to Jefferson Bank. Doc. #6-2 at 8.

On November 17, 2010, the DEA issued a Declaration of Forfeiture for Asset 10-DEA-525426 (the Funds). Doc. #6-2 at 15. The Declaration, signed by Terrence J. King, Senior Attorney Asset Forfeiture Section," provides:

> The above-described property has been seized by agents of the **DRUG ENFORCEMENT ADMINISTRATION** pursuant to 21 U.S.C. Section 881. Notice of the seizure has been sent to all known parties who may have a legal or possessory interest in the property. Also, in accordance with 19 U.S.C. Section 1607, notice of the seizure has been published and no claim has been filed for the property within 30 days from the date of last publication of the advertisement. On this date, I have examined this matter, and found that there was sufficient

---
[3] Plaintiff's complaint alleges that Club Knotsy's was his "night club." Doc. #1 at ¶ 9.

> information to support the forfeiture of this property. **THEREFORE**, it is hereby declared that such property is forfeited to the United States pursuant to 19 U.S.C. Section 1609.

*Id*. (emphasis in original).

### 2. The Cash

On August 27, 2010, the Drug Enforcement Administration mailed a Notice of Seizure regarding "Asset Id: 10-DEA-535511" ("Cash Notice") to Plaintiff at the 404 Minnie Ervin Street address. Doc. #6-2 at 16. The Cash Notice described the asset as "$182,206.83 U.S. Currency" and stated that the property was seized on August 2, 2010, from "Taylor, Kendrick Kenyatta." *Id*. Like the Funds Notice, the Cash Notice represented that, "[p]ursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C. Sections 1602-1619, procedures to administratively forfeit this property are underway" and then provided detailed instructions for contesting the forfeiture or for requesting remission of mitigation. *Id*. The Cash Notice contained the same deadlines and warning as the Funds Notice. *Id*.

Additional copies of the Cash Notice were mailed to: (1) Kendrick Kenyatta Taylor, c/o Club Knotsy's, 73 Railroad Street, Rosedale, MS 38725, Doc. #6-2 at 18; (2) Kendrick Kenyatta Taylor, Prisoner ID No. 14878, Bolivar County Detention Center, 2792 Highway 8, Rosedale, MS 38725, Doc. #6-2 at 20; (3) Jacqueline Taylor, 404 Minnie Ervin Street, Rosedale, MS 38725, Doc. #6-2 at 22; (4) Lakesha Taylor c/o Jacqueline Taylor 404 Minnie Ervin Street, Rosedale, MS 38725, Doc. #6-2 at 24; (5) Kendrick Taylor c/o Jacqueline Taylor, 404 Minnie Ervin Street, Rosedale, MS 38725, Doc. #6-2 at 26; and (6) Sha'kendra Taylor c/o Jacqueline Taylor, 404 Minnie Ervin Street, Rosedale, MS 38725, Doc. #6-2 at 28. Notice of seizure of the Cash and procedures for contesting the forfeiture were also published in the September 13, 20, and 27, issues of the *Wall Street Journal*. Doc. #6-1 at ¶ 5(i).

7

On August 30, 2010, Jacqueline Taylor signed for receipt for all of the Cash Notices. Doc. #6-2 at 17, 19, 21, 23, 25, 27, 29.

On November 9, 2010, John Hieronymus, Forfeiture Counsel, Asset Forfeiture Section, issued a Declaration of Forfeiture for the Cash. *Id*. at 30.

### E. This Action

On March 24, 2014, Plaintiff filed a "Motion to Set Aside Administrative Forfeiture of Funds for Lack of Notice." Doc. #1. On May 1, 2014, the Government filed a motion for summary judgment. Doc. #6. Plaintiff responded, Doc. # 8, and the Government timely replied, Doc. #10.

## III
## Analysis

Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"):

> Any person entitled to written notice in any non-judicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—
>
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1).

By the terms of the statute, a civil forfeiture of property must be set aside if: (1) the plaintiff was entitled to written notice; (2) the plaintiff did not receive such notice; (3) the Government knew or should have known of the plaintiff's interests; (4) the Government failed to take reasonable steps to provide the plaintiff with notice; and (5) the plaintiff did not know or

have reason to know of the seizure within sufficient time to file a timely claim.[4] *In re Seizure of $143,265.78*, 616 F.Supp.2d 699, 705 (E.D. Mich. 2009).

### A. Entitlement to Notice

Pursuant to 21 U.S.C. § 881(a), certain classes of property "shall be subject to forfeiture to the United States." One such category of property is:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6). "The forfeiture statute borrows the notice of seizure requirements codified in 19 U.S.C. § 1607." *Adams v. U.S. Dep't of Justice*, __ F.Supp.3d __, 2014 WL 6736098, at *2 (E.D. Tex. Nov. 17, 2014) (citing 21 U.S.C. § 881(d)).

"When the government seizes property valued at less than $500,000 or any monetary instrument, it may use administrative forfeiture procedures, but must provide notice before forfeiting the property or money." *U.S. v. Robinson*, 434 F.3d 357, 362 (5th Cir. 2005). In order to provide adequate notice, "the government must (1) publish notice of the administrative forfeiture; and (2) send written notice to any party who appears to have an interest in the seized article." *Id.*; *see also Adams*, 2014 WL 6736098, at *2.

There can be no serious dispute that Plaintiff, as the named owner of the Cash and Funds, was a party who appeared to have an interest in the seized property. Accordingly, he was entitled to written notice of the administrative forfeiture proceeding.

---

[4] Where the property was seized by a state or local law enforcement agency and then turned over to a federal law enforcement agency for the purpose of forfeiture, CAFRA requires written notice "not more than 90 days after the date of seizure …." 18 U.S.C. § 983(a)(1)(A)(iv). Plaintiff does not dispute that the government's notices, if valid, fell within this time frame.

9

## B. Actual Notice

The Government does not contend that Plaintiff received actual notice of the forfeiture proceedings. Accordingly, there is a genuine issue of material fact as to this element. *See Morris,* 144 F.3d at 380 (moving party must submit evidence negating claim or point out lack of evidence).

## C. Knowledge of Interest

There is no dispute that the Government knew or should have known of Plaintiff's interest in the money.

## D. Reasonable Steps to Ensure Notice

"CAFRA's notice requirements should be construed in light of the requirements of due process." *VanHorn v. D.E.A.*, 677 F.Supp.2d 1299, 1309 (M.D. Fla. 2009). To this end, the Government bears the burden "to show that its notice was reasonably calculated, under all the circumstances, to apprise [the plaintiff] of the forfeiture." *Taylor v. U.S.*, 483 F.3d 385, 390 (5th Cir. 2007) (internal quotation marks omitted) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see also Burman v. U.S.*, 472 F.Supp.2d 665, 667 (D. Md. 2007) ("The Court places the burden on the government to show that it took 'reasonable steps' to provide notice to the claimant."); *Hammel v. U.S. Dep't of Justice, Drug Enforcement Admin.*, No. 2:12-cv-02932, 2013 WL 1363861, at *3 (D.S.C. Apr. 3, 2013) (government bears burden to show adequate notice under § 983(e)(1)(A)); *U.S. v. Talouzi*, No. 3:11-74, 2012 WL 4514204, at *2 (S.D.W.V. Oct. 2, 2012) (same); *but see Thorp v. U.S.*, No. 11-cv-206, 2012 WL 5831184, at *4 (D. Colo. Nov. 16, 2012) ("Since plaintiff does not meet his burden under the first prong of [983(e)(1)] inquiry, this Court need not address the second."). "[R]easonableness vel non is to be measured at the time notice is sent …." *Foehl v. U.S.*, No. 1;01-cv-778, 2002 WL 32075774,

at *8 (E.D. Tex. June 21, 2002) (emphasis omitted); *see also Jones v. Flowers*, 547 U.S. 220, 231 (2006) ("[T]he constitutionality of a particular procedure for notice is assessed ex ante, rather than post hoc.") (emphasis omitted).

Here, the record reflects that, the Funds Notices were sent to Plaintiff at: (1) the residence at which his property was seized; (2) the Bolivar County Detention Facility; and (3) Club Knotsy's. The Cash Notices were sent to the same three addresses, plus to Plaintiff at his residence, care of Jacqueline Taylor. What the record does not reflect, however, is how the Government decided to mail the notices to these particular addresses, or why, at the time the notices were sent, the mailings were reasonably calculated to provide Plaintiff with written notice of the forfeiture proceedings. Put differently, the Government has failed to introduce any evidence tending to show how or why its efforts were reasonably calculated to provide Plaintiff notice of the proceedings. Under these circumstances, the Court concludes that the Government has failed to sustain its burden of showing the lack of a genuine issue of material fact as to the reasonableness of notice.

**E. Plaintiff's Knowledge of the Seizure**

As explained above, to prevail under a 983(e)(1) motion, a movant must show that he "did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983(e)(1). "Congress's specific use of the word 'seizure' … and not 'forfeiture,' is significant, given that it used the word 'forfeiture' elsewhere in CAFRA." *Mikhaylov v. U.S.*, 29 F.Supp.3d 260, 269 (E.D.N.Y. 2014). "To this end, some courts have concluded that the moving party's mere knowledge that his property has been seized, regardless of whether he knows that it will be forfeited, defeats a Section 983(e) motion." *Id*. (citing *Johnson v. U.S.*, No. 03-cv-281, 2004 WL 2538649, at *4 (S.D. Ind. Oct. 22, 2004)). "Other

courts, while accepting the notion that knowledge of the seizure alone defeats a Section 983(e) motion, require that such knowledge be agency-specific – that is, that the moving party know enough about the *forfeiting* agency's involvement in the seizure 'to file a claim with [that] agency,' even if he is not aware that it tends to forfeit his property." *Id*. at 270 (quoting *Bermudez v. City of New York Police Dep't*, No. 07-cv-9537, 2008 WL 3397919, at *6 (S.D.N.Y. Aug. 11, 2008)) (emphasis in original). *But see U.S. v. Huggins*, 607 F.Supp.2d 660, 666 (D. Del. 2009) ("knowledge of seizure alone, without any knowledge of pending forfeiture proceedings or procedures to challenge such proceedings, did not satisfy due process requirements"); *Jimenez v U.S.*, No. cv-10-513, 2010 WL 2534190, at *5 (D. Ariz. June 18, 2010) (citing *Huggins*).

Here, the Government does not argue that Plaintiff knew or had reason to know of the seizure. Accordingly, at this point, there is a genuine issue of material fact as to this issue. Nevertheless, it appears to this Court that this issue may be case dispositive.

The record contains: (1) a Notice of Seizure, detailing the seizures of the Cash and the Funds, signed by Plaintiff, Doc. #8-1 at 3; and (2) a Response to Petition to Consent Forfeiture, served on Plaintiff's attorney in response to Plaintiff's petition in the State Action, which explicitly stated that the Cash and the Funds had been turned over to the DEA for federal forfeiture proceedings, Doc. #8-4. The former document is clearly sufficient to establish notice of the seizure, while the latter appears sufficient to establish knowledge of the DEA's involvement in the seizure. *See Rosario–Diaz v. Gonzalez*, 140 F.3d 312, 314 (1st Cir. 1998) (parties are "fully chargeable with knowledge of what the docket disclosed"). Thus, the Court has serious concerns about the viability of Plaintiff's claim.

Rather than subject the parties to the time and expense of an unnecessary evidentiary hearing, the Court deems it prudent to request additional briefing and evidence on the issue of whether Plaintiff knew or should have known of the seizures. *See* Fed. R. Civ. P. 56(f)(3) ("After giving notice and a reasonable time to respond, the court may … consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."). Accordingly, the Government shall, within twenty-one (21) days of the issuance of this order, submit any relevant evidence and a brief (not to exceed fifteen pages) addressing Plaintiff's notice, or lack thereof, of the seizures, and to re-new its motion for summary judgment as necessary. Plaintiff shall have twenty-one (21) days from the filing of the Government's brief to submit his own evidence and response brief (also not to exceed fifteen pages).

**F. Summary**

There is a genuine issue of material fact as to each element of Plaintiff's case. Accordingly, the motion for summary judgment will be denied.

### IV
### Conclusion

For the reasons above, the Government's motion for summary judgment [6] is **DENIED**. The parties are **DIRECTED** to provide additional briefing and evidence in compliance with this Order.

SO ORDERED, this 24th day of March, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**