# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**KENDRICK KENYATTA TAYLOR**                                                                    **PLAINTIFF**

**V.**                                                   **NO. 4:14-CV-00041-DMB-JMV**

**UNITED STATES OF AMERICA**
**THROUGH THE UNITED STATES DRUG**
**ENFORCEMENT ADMINISTRATION**                                    **DEFENDANT**

## OPINION AND ORDER DENYING SUMMARY JUDGMENT

This action to set aside two administrative forfeitures is brought by Plaintiff Kendrick Kenyatta Taylor against the United States of America through the United States Drug Enforcement Administration ("Government"). Doc. #1. Plaintiff alleges that the Government conducted the forfeiture proceedings against his property without providing him constitutionally required notice of the forfeitures. *Id*. Before the Court is the Government's renewed motion for summary judgment. Doc. #6.

## I
## Relevant Facts and Procedural History

### A. Seizures

As detailed more fully in this Court's previous Order, law enforcement officers from the Mississippi Bureau of Narcotics ("MBN"), seized $182,176.93 in cash ("Cash") from the attic of Plaintiff's residence on July 2, 2010, and $13,376.79 in funds ("Funds") from Plaintiff's Jefferson Bank checking account on July 6, 2010. *See* Doc. #16 at 2; Doc. #1 at ¶ 4; Doc. #6-1 at ¶¶ 4(a) & 5(a). The MBN also seized that day a CD player, two cellular phones, a television, a computer, a Chevrolet Suburban, and a Lincoln Mark VIII.

On July 12, 2010, the Mississippi Department of Public Safety issued a Notice of Seizure which identified the two amounts of currency and the locations from which they had been seized. Doc. #8-1 at 3. The notice states, "It is anticipated that forfeiture proceedings will be filed against this property," and bears what appears to be Plaintiff's signature. *Id*.

### B. State Forfeiture Action

On July 19, 2010, in the County Court of Bolivar County, the State of Mississippi filed a "Complaint for Forfeiture" ("State Action") against the two cars, the CD player, the computer, the television, and the two cellular phones seized on July 2, 2010. Doc. #8-2.

On July 23, 2010, on the *ore tenus* motion of the State in the Circuit Court of Bolivar County, Judge Albert B. Smith ordered that jurisdiction over the Cash be "released from the authority and jurisdiction of this Court for immediate turnover to federal authorities." Doc. #8-6.

On July 30, 2010, Plaintiff filed a "Petition to Contest Forfeiture" in the State Action signed by both Plaintiff and Boyd P. Atkinson, whom the petition identified as Plaintiff's attorney. Doc. #8-3. Plaintiff's petition challenged the forfeiture of the property listed in the State Action, as well as the forfeiture of the Cash and Funds seized by the MBN. *Id*.

The State of Mississippi responded to Plaintiff's petition on August 17, 2010. Doc. #8-4. In its response, the State represented:

> Jurisdiction of the $182,206.93 in United States Currency found in the Claimant's residence; and, $13,376.79 in United States Currency seized from the Claimant's bank account has been released by the Circuit Court of Bolivar County and said currency has been turned over to the federal authorities so that forfeiture may be pursued by the Drug Enforcement Administration.

*Id.* at 1–2. The response was served on Attorney Atkinson at the post office box listed in Plaintiff's petition. *Id*. at 3; Doc. #8-3 at 3.

On August 25, 2010, the County Court, on motion of the State of Mississippi, continued the State Action "until such time as the criminal case that gave rise to this action is fully adjudicated." Doc. #8-5.

### C. Criminal Case

Plaintiff was named in a two-count indictment in the United States District Court for the Northern District of Mississippi on August 26, 2010, and a superseding three-count indictment was filed September 22, 2010. Doc. #8-7. *See also U.S. v. Taylor*, No. 2:10-cr-132 (N.D. Miss. Aug. 26, 2010) (Aycock, J.) ("*Criminal Case*"), at Docs. #1 & #3.[1]

Count One of the superseding indictment charged Plaintiff with intent to distribute Methylenedioxymethamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *Criminal Case*, at Doc. #3. Count Two, upon conviction of Count One, sought forfeiture pursuant to 21 U.S.C. § 853 of "any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to … [a] sum of money equal to One Hundred Eighty-Two Thousand, Two Hundred Six Dollars and Ninety-Three Cents…." *Id.* Count Three charged Plaintiff with intent to distribute "a mixture and substance containing a detectable amount of marijuana" in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(D)." *Id.*

Plaintiff pled guilty to Count One of the superseding indictment on July 18, 2011. *Criminal Case*, at Doc. #55. The Court dismissed the original indictment and Count Three of the superseding indictment on January 13, 2012, and dismissed Count Two of the superseding

---

[1] "A court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom." *Matter of Missionary Baptist Found. of America, Inc.*, 712 F.2d 206, 211 (5th Cir. 1983). The Court does so here.

indictment on February 2, 2012, following a motion by the government. *Id*. at Docs. #64, #67 & #65. On February 17, 2012, Chief Judge Sharion Aycock entered a judgment sentencing Plaintiff to 51 months imprisonment, followed by three years of supervised release, and an assessment of $100. *Id*. at Doc. #68.

### D. The Administrative Forfeitures

On August 27, 2010, the Drug Enforcement Agency mailed four Notices of Seizure regarding the Funds taken from Plaintiff's Jefferson Bank checking account on July 6, 2010 (listed as Asset Id: 10-DEA-535426). Doc. #6-2 at 1, 3, 5, 7. One notice was sent to Jefferson Bank at 600 Main Street, Rosedale, MS 38725. *Id*. at 7. The accompanying certified mail receipt was signed by Tom Fair on September 1, 2010. *Id*. at 8.

The other three notices were addressed to Plaintiff. The first was addressed to Kendrick Kenyatta Taylor at his residence at 404 Minnie Ervin Street, Rosedale, MS 38725. Doc. #6-2 at 1. The second was addressed to Kendrick Kenyatta Taylor, care of Club Knotsy's,[2] at 703 Railroad Street, Rosedale, MS 38725. *Id*. at 3. The third was addressed to Kendrick Kenyatta Taylor, Prisoner ID No. 14878, at the Bolivar County Detention Center, 2792 Highway 8, Rosedale 38725. All three accompanying certified mail receipts bear the signature of Jacqueline Taylor, Plaintiff's wife, and are dated August 30, 2010. *Id*. at 2, 4, 6.

The Drug Enforcement Agency also mailed seven Notices of Seizure on August 27, 2010, regarding the Cash taken from Plaintiff's attic (listed as Asset Id: 10-DEA-535511). Doc #6-2 at 16, 18, 20, 22, 24, 26, 28. Three were addressed to Plaintiff at the same locations found on the Notices regarding the Funds (404 Minnie Ervin Street, Club Knotsy's, and the Bolivar County Detention Center). *Id*. at 16, 18, 20. The other four were individually addressed,

---

[2] In his complaint, Plaintiff alleges that Club Knotsy's was his "night club." Doc. #1 at ¶ 9.

respectively, to Jacqueline Taylor, Kendrick Taylor,[3] Lakesha Taylor, and Sha'kendra Taylor, all at the 404 Minnie Ervin Street residence. *Id*. at 22, 24, 26, 28. All seven certified mail receipts bear Jacqueline Taylor's signature and are dated August 30, 2010. *Id*. 17, 19, 21, 23, 25, 27, 29.

Notices of the seizures of the Funds and the Cash, as well as information for contesting the impending forfeiture, also were published in the *Wall Street Journal* on September 13, 20, and 27, 2010. Doc. #6-1 at ¶ 4(f) & ¶ 5(i).

On November 9, 2010, the Drug Enforcement Administration issued a Declaration of Forfeiture for the Cash, which was signed by John Hieronymus, Forfeiture Counsel, Asset Forfeiture Section. Doc. #6-2 at 30. On November 17, 2010, a Declaration of Forfeiture, signed by Terrence J. King, Senior Attorney, Asset Forfeiture Section, was issued for the Funds. *Id*. at 15.

### E. This Action

On March 24, 2014, Plaintiff commenced this action by filing his "Motion to Set Aside Administrative Forfeiture of Funds for Lack of Notice."[4] Doc. #1. On May 1, 2014, the Government filed a motion for summary judgment. Doc. #6. Plaintiff's response was filed on May 9, 2014, and the Government replied on May 13, 2014. Docs. #8 & #10.

On March 24, 2015, this Court entered an Order denying the Government's motion for summary judgment and requesting additional briefing and evidence from the parties. Doc. # 16. The Government renewed its motion for summary judgment and submitted a memorandum in

---

[3] Kendrick Taylor is Plaintiff's son. The notices sent to Kendrick, Lakesha, and Sha'kendra were addressed to each individually, "c/o Jaqueline Taylor."

[4] Plaintiff's "Motion to Set Aside Administrative Forfeiture of Funds for Lack of Notice" will be referred to herein as the complaint to avoid confusion.

support of the motion on March 27, 2015. Docs. #17 & #18. Plaintiff filed his response in opposition on April 7, 2015. Doc. #19.

## II
## Summary Judgment Standard

"Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship,* 409, 411 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986)). In order to award summary judgment, "[a] court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Id.,* at 411–12 (internal quotation marks omitted). It is the burden of the moving party to establish "that there are no genuine issues of material fact." *Id.* at 412.

In cases where the nonmoving party would bear the burden of proof at trial, "the moving party may demonstrate that it is entitled to summary judgment by submitting affidavits or other similar evidence negating the nonmoving party's claim, or by pointing out to the district court the absence of evidence necessary to support the nonmoving party's case." *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998) (citation omitted). If the moving party successfully makes this demonstration, "the burden shifts to the nonmoving party to show that summary judgment is inappropriate." *Id.* In making this showing, "the nonmoving party must go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Cotroneo v. Shaw Env't & Infrastructure, Inc.,* 639 F.3d 186, 191–92 (5th Cir. 2011) (citation and internal punctuation omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). When considering a motion for summary judgment, the Court "resolve[s] factual

controversies in favor of the nonmoving party." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

## III
## The Civil Asset Forfeiture Act of 2000

The Civil Asset Forfeiture Act of 2000 ("CAFRA") provides a vehicle by which to challenge a declaration of forfeiture. It provides:

> Any person entitled to written notice in any non-judicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—
>
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1). By the terms of the statute, a civil forfeiture of property must be set aside if: (1) the plaintiff was entitled to written notice; (2) the plaintiff did not receive such notice; (3) the Government knew or should have known of the plaintiff's interests; (4) the Government failed to take reasonable steps to provide the plaintiff with notice; and (5) the plaintiff did not know or have reason to know of the seizure within sufficient time to file a timely claim.[5] *In re Seizure of $143,265.78*, 616 F.Supp.2d 699, 705 (E.D. Mich. 2009).

"When the government seizes property valued at less than $500,000 or any monetary instrument, it may use administrative forfeiture procedures, but must provide notice before forfeiting the property or money." *U.S. v. Robinson*, 434 F.3d 357, 362 (5th Cir. 2005). In order

---

[5] Where the property is seized by a state or local law enforcement agency and then turned over to a federal law enforcement agency for the purpose of forfeiture, CAFRA requires written notice "not more than 90 days after the date of seizure …." 18 U.S.C. § 983(a)(1)(A)(iv). Plaintiff does not dispute that the Government's notices, if valid, fell within this time frame.

to provide adequate notice, "the government must (1) publish notice of the administrative forfeiture; and (2) send written notice to any party who appears to have an interest in the seized article." *Id.*; *see also Adams*, 2014 WL 6736098, at *2.

The statute's "notice requirements should be construed in light of the requirements of due process." *VanHorn v. D.E.A.*, 677 F.Supp.2d 1299, 1309 (M.D. Fla. 2009). The Government bears the burden "to show that its notice was reasonably calculated, under all the circumstances, to apprise [the plaintiff] of the forfeiture." *Taylor v. U.S.*, 483 F.3d 385, 390 (5th Cir. 2007) (internal quotation marks omitted) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see also Dusenbery v. United States,* 534 U.S. 161 (2002). "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane*, 339 U.S. at 315.

The reasonableness of the means of notice "is to be measured at the time notice is sent." *Foehl v. U.S.*, No. 1:01-cv-778, 2002 WL 32075774, at *8 (E.D. Tex. June 21, 2002) (emphasis omitted); *see also Jones v. Flowers*, 547 U.S. 220, 231 (2006). However, when the government becomes aware that notice was not delivered, "additional steps are required even if, at the time, those prior efforts were reasonably calculated to provide notice." *Turner v. Attorney Gen. of U.S.*, 579 F.Supp.2d 1097, 1106 (N.D. Ind. 2008) (citing *Flowers*); *see also Echavarria v. Pitts*, 641 F.3d 92, 94-95 (5th Cir. 2011), *as rev'd* (June 21, 2011) ("When the government has knowledge that notice was not effected, it cannot 'simply ignore' that information."); *In re Seizure of $143,265.78 from Checking Account No. 1851349546 & $28,687.40 from Checking Account No. 1080022185*, 384 F. App'x 471, 474-75 (6th Cir. 2010); *Linn Farms & Timber Ltd. P'ship v. Union Pac. R. Co.*, 661 F.3d 354, 358-59 (8th Cir. 2011); *Mikhaylov v. U.S.*, 29

F.Supp.3d 260, 267 (E.D.N.Y. 2014); *VanHorn v. Florida*, 677 F.Supp.2d 1288, 1297-98 (M.D. Fla. 2009).

A motion to set aside a declaration of forfeiture will fail, despite the lack of reasonable steps taken by the government to provide notice, where the plaintiff knew or had reason to know of the seizure within sufficient time to file a timely claim. "Congress's specific use of the word 'seizure' … and not 'forfeiture,' is significant, given that it used the word 'forfeiture' elsewhere in CAFRA." *Mikhaylov*, 29 F.Supp.3d at 269.

"[S]ome courts have concluded that the moving party's mere knowledge that his property has been seized, regardless of whether he knows that it will be forfeited, defeats a Section 983(e) motion …. Other courts, while accepting the notion that knowledge of the seizure alone defeats a Section 983(e) motion, require that such knowledge be agency-specific – that is, that the moving party know enough about the *forfeiting* agency's involvement in the seizure 'to file a claim with [that] agency,' even if he is not aware that it tends to forfeit his property." *Id*. at 269-70 (citing *Johnson v. U.S.*, No. 03-cv-281, 2004 WL 2538649, at *4 (S.D. Ind. Oct. 22, 2004), and quoting *Bermudez v. City of New York Police Dep't*, No. 07-cv-9537, 2008 WL 3397919, at *6 (S.D.N.Y. Aug. 11, 2008)) (emphasis in original).[6]

## IV
## Analysis

As this Court stated in its previous order, there is no dispute that Plaintiff, as the named owner of the Cash and Funds, was a party who appeared to have an interest in the seized property or that the Government knew or should have known of Plaintiff's interest in the money. Doc. #16 at 9-10. Nor is there any dispute that Plaintiff was entitled to written notice of the

---

[6] *But see U.S. v. Huggins*, 607 F.Supp.2d 660, 666 (D. Del. 2009) ("knowledge of seizure alone, without any knowledge of pending forfeiture proceedings or procedures to challenge such proceedings, did not satisfy due process requirements"); *Jimenez v U.S.*, No. cv-10-513, 2010 WL 2534190, at *5 (D. Ariz. June 18, 2010).

9

administrative forfeiture proceeding. *Id*. In that same order, this Court identified two genuine issues of material fact: the reasonableness of the notice sent to Plaintiff and whether Plaintiff knew or should have known of the seizures. *Id*. at 11-12. This Court then requested additional briefing and evidence from the parties on those issues. *Id*. at 13.

### A. Reasonable Notice

In his complaint, Plaintiff asserts that the Government failed to provide him with reasonable notice. In addition to asserting that he has never read the Wall Street Journal and that he never received any of the notices sent to him, Plaintiff argues:

> The fact that the certified letter sent to the Movant at the Bolivar County Detention Center was signed for (as were all other such notices sent to the Movant at other locations…) by the Movant's wife[,] who was not incarcerated there…, should have placed the government on notice that the letter had not been delivered to the Movant. Further, the wife's signature on the notice addressed to the Bolivar County Correctional Facility should have notified the government that the certified letter was never delivered to the Bolivar County Correction Center…

Doc. #1 at 4. Plaintiff also claims that no notice was provided to his attorney, despite the Government knowing that he was being represented by Attorney Boyd.

In its first memorandum in support of summary judgment, the Government argued that its efforts to notify Plaintiff were reasonable and emphasized that "[p]ersonal service of notice is not required to comply with due process." Doc. #7 at 8. Throughout its memorandum, the Government repeatedly compared the facts of this case to those of *Dusenbery v. United States*. *Id*. at 8-10.

In *Dusenbery*, the "FBI sent letters of its intention to forfeit the cash by certified mail addressed to petitioner care of the Federal Correctional Institution (FCI) in Milan, Michigan, where he was then incarcerated; to the address of the residence where petitioner was arrested; and to an address in Randolph, Ohio, the town where petitioner's mother lived." 543 U.S. at 164. The notice sent to the prison was signed for by a prison officer, who later testified that the

prison's "procedure would have been for him to log the mail in, for petitioner's "Unit Team" to sign for it, and for it then to be given to petitioner." *Id*. at 166. The United States Supreme Court found that the government's efforts had satisfied the due process requirement.

Plaintiff, in his memorandum in support of his response to the Government's first summary judgment motion, argued that his attorney should have been sent notice, asserting that Attorney Boyd was also an interested party. Plaintiff also reiterated his argument that the Government should have known that the notices did not reach him in prison, claiming that Jacqueline Taylor's signature on the notices sent to Bolivar County Correctional Facility

> should put anyone on notice that either the Plaintiff was not getting the notices or that his wife was also an inmate at the Bolivar County Correctional Facility. How and why she would sign for a certified letter sent to the Bolivar County Correctional Facility, when she lives in Rosedale, Mississippi, some 18 to 20 miles away, will remain an unsolved mystery.

Doc. #9 at 2.

Upon review of the case, this Court issued its previous order, which noted that "the Government has failed to introduce any evidence tending to show how or why its efforts were reasonably calculated to provide Plaintiff notice of the proceedings" and concluded that "the Government has failed to sustain its burden of showing the lack of a genuine issue of material fact as to the reasonableness of notice." Doc. #16 at 11.

In its memorandum accompanying its renewed motion for summary judgment, the Government "requests that the Court reconsider its finding that the Government failed to introduce any evidence tending to show how or why its efforts were reasonably calculated to provide Taylor notice of the proceedings." Doc. #18 at 4. This memorandum contains a more detailed explanation for the locations to which the Government sent the notices of forfeiture and argues that Taylor's wife's signing for him at his former residence satisfies due process. *Id.* at 6.

11

Plaintiff, in his memorandum in response to the renewed motion, simply repeats his previous argument that the Government knew of Attorney Atkinson's representation of Plaintiff and should have sent him notice. Doc. #19 at 1-2.

In its briefing, the Government has taken steps towards "showing how or why its efforts were reasonably calculated to provide Plaintiff notice of the proceedings," as this Court requested in its previous order. Doc. #16 at 11. However, the Government has not presented sufficient evidence to establish the lack of a genuine issue of material fact on this point.[7] In light of the current evidence regarding reasonableness, with controversies resolved in favor of the non-moving party, this Court cannot find that the "evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in [his] favor." *Norwegian Bulk Transp.*, 520 F.3d at 411-12.

### B. Reason to Know of the Seizure

Despite it being a necessary condition of setting aside a declaration of forfeiture under the statute, neither party addressed whether "the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim" in their memoranda regarding the first motion for summary judgment. 18 U.S.C. § 983(e)(1)(B). In its previous order, this Court specifically noted that whether Plaintiff either knew or had reason to know of the seizures was "a genuine issue of material fact" and requested "additional briefing and evidence" on the topic. Doc. #16 at 12, 13. Both parties addressed the issue in their memoranda discussing the renewed motion for summary judgment.

---

[7] For example, the Government failed to address Plaintiff's argument that Jacqueline Taylor's signature on the certified mail receipt sent to the prison should have put the Government on notice that Plaintiff had not received the letter. Nor did the Government address whether that notice then required it to take additional steps to notify Plaintiff, much less what those next steps should have entailed.

The Government, in its memorandum, argues that Plaintiff knew or had reason to know of the seizure because of the various court documents from his criminal case. Doc. #18 at 2-4. Specifically, the Government points to the MBN's letter explaining that the funds had been transferred to the federal authorities, a copy of which was sent to Attorney Atkinson, and both the initial and superseding indictments, which included forfeiture allegations. Doc. #8-4 at 3-4; Docs. #1 & #3. With the exception of including a case citation for the proposition that an attorney's knowledge is imputed to his client,[8] the Government does not offer any legal authority to support its arguments.

Plaintiff, in his memorandum, appears to argue that, while Attorney Atkinson was aware that the funds had been seized by the Drug Enforcement Administration for possible forfeiture, it appeared that the forfeiture was proceeding under 21 U.S.C. § 853 as detailed in both indictments. Doc. #19 at 2-3. Plaintiff asserts that he had no reason to know of the separate civil forfeiture proceedings. *Id*. at 2. Plaintiff similarly does not cite any legal authority to support his arguments.[9]

"[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey,* 125 F.3d 989, 995–96 (6th Cir. 1997). Here, both parties are guilty of failing to provide this Court with legal authority in support of their arguments on whether

---

[8] In arguing "The knowledge of DEA's seizure of the Cash and Funds by Taylor's counsel is imputed to Taylor even if Taylor did not have actual knowledge of that information", the Government cites to *In re Complaint of Gulf South Marine Transportation, Inc.*, 2011 WL 3268310 (E.D. La. 2011).

[9] Plaintiff begins his discussion section with the sentence, "In re Seizure of $143,265.78, 616 F.Supp.2d 699, 705 (E.D. Mich. 2009), the government failed to take reasonable steps to provide the Plaintiff with notice and the Plaintiff did not know or have reason to know of the seizure within sufficient time to file a timely claim." It is unclear whether he is describing the case he is citing or the case currently before this Court. In either case, Plaintiff does not then link the case to the arguments he makes in the rest of his discussion.

Plaintiff did not know or have reason to know of the seizure within sufficient time to file a timely claim. It is the practice of this Court to deny a motion which "does 'not provide a memorandum of authorities in support of its Motion [and does] not cite any cases supporting its claim'". *C.W.P. v. Brown*, 56 F.Supp.3d 834, 839 (N.D. Miss. 2014) (quoting *Bruner v. Cemex, Inc.,* No. 1:08–cv–1386, 2010 WL 3455244, at *1 (S.D. Miss. Aug. 27, 2010), and citing *Younker v. Ohio Dep't of Rehab. & Corr.,* No. 2:13–cv–746, 2014 WL 559250, at *2 (S.D. Ohio Feb. 11, 2014) (denying motion where briefing left "the Court to its own devices to guess at the parties' relevant arguments in order to engage in any sort of analysis that is not bereft of nuance"). Given the lack of legal authority and analysis in the memoranda in support of the Government's renewed motion for summary judgment in addressing whether Plaintiff knew or had reason to know of the seizure, the renewed motion for summary judgment will be denied.

## V
## Conclusion

For the reasons stated above, the Government's renewed motion for summary judgment [17] is **DENIED**.

SO ORDERED, this 14th day of October, 2015.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**